FILED & ENTERED

JUL 12 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Arna Susan Vodenos<br><br><br><br>Debtor(s).<br>―――――――――――――<br>YOUVAL  ZIV<br><br>Plaintiff(s),<br><br>   v.<br><br>Arna  Vodenos<br><br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  1:10-bk-25103-GM<br>Adv No:   1:16-ap-01028-GM<br><br>**MEMORANDUM OF OPINION GRANTING MOTION FOR DISMISSAL AND MOTION FOR REMAND (Dkt. # 32 & 6)**<br><br>Date:        June 21, 2016<br>Time:        10:00 AM<br>Courtroom:  302 |

　　　　This adversary proceeding (the "Quiet Title Action") had originally been pending in California Superior Court for the County of Los Angeles (the "Superior Court") and was removed by defendant Jason Vogel ("Vogel"), who is the husband of co-defendant and debtor Arna Susan Vodenos ("Vodenos" or the "Debtor" and with Vogel, the

"Defendants").  Prior to the removal a Motion for Leave to Amend and File a Second

Amended Complaint ("Leave to Amend Motion") by Plaintiff Youval Ziv ("Ziv") and a

Motion for Reconsideration of Order Expunging Lis Pendens ("Reconsideration Motion")

also by Ziv were pending before the Superior Court.  Ziv has also brought a Motion to

Remand this proceeding to Superior Court (the "Remand Motion"). In addition, Vogel

and Vodenos have each brought motions to dismiss this adversary proceeding

("Motions to Dismiss").

These motions were heard on May 17, 2016 and continued to July 12, 2016.  In

the meantime, on May 24, Mr. Vogel substituted in as his own attorney and on May 27,

Mr. Herrera, attorney for Ziv, filed a Notice of Voluntary Dismissal in this adversary

proceeding (dkt. 32).  Attached to the Notice of Voluntary Dismissal is a stipulation (dkt.

32-1; the "Stipulation") to:

- Dismiss the Quiet Title Action in Superior Court BC559813, although it has been
  removed to this Court, as to Vodenos with prejudice;

- Dismiss causes of action 1 through 7 of the Quiet Title Action in Superior Court
  as to Vogel with prejudice;

- Allow Ziv to file a second amended complaint as to Vogel "only by any procedure
  permitted by law," however that cannot include any relief as to the title or
  ownership of the Property (defined below);

- Require Ziv to file a request for dismissal of this adversary proceeding;

- Take Ziv's Leave to Amend Motion, Reconsideration Motion, and Remand
  Motion and Vodenos' Motion to Dismiss off calendar; and

- Leave all other matters pending in bankruptcy court involving these parties
  unaffected, including Vodenos' bankruptcy (10-bk-25103-GM).

Counsel for Ziv and for Vodenos signed the Stipulation.  Vogel is not a party to

the stipulation.

Federal R. of Civil Procedure 41(a) allows a voluntary dismissal as follows:

(a) Voluntary Dismissal.
        (1) By the Plaintiff.
                (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2,
                and 66 and any applicable federal statute, the plaintiff may dismiss
                an action without a court order by filing:
                        (i) a notice of dismissal before the opposing party serves
                        either an answer or a motion for summary judgment; or
                        (ii) a stipulation of dismissal signed by all parties who have
                        appeared.
                (B) Effect. Unless the notice or stipulation states otherwise, the
                dismissal is without prejudice. But if the plaintiff previously
                dismissed any federal- or state-court action based on or including
                the same claim, a notice of dismissal operates as an adjudication
                on the merits.
        (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action
        may be dismissed at the plaintiff's request only by court order, on terms
        that the court considers proper. If a defendant has pleaded a counterclaim
        before being served with the plaintiff's motion to dismiss, the action may
        be dismissed over the defendant's objection only if the counterclaim can
        remain pending for independent adjudication. Unless the order states
        otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41.

Under Rule 41(a)(1)(A)(i), Ziv could dismiss this proceeding simply by filing a

notice of dismissal. The sticking point is the Stipulation, which is not signed by Vogel

and thus cannot be the basis of dismissal under Rule 41(a)(1)(A)(ii).  However, it is

important that the dismissal be made pursuant to the Stipulation, because the

Stipulation clarifies and limits future actions by Ziv. It is also important to issue a ruling

setting forth the effect of the dismissal and the Stipulation on all matters between these

parties (*i.e.*, what is being dismissed and what is not.)  The Court accordingly elected to

treat the notice of dismissal as a motion for dismissal and hold a hearing on its

approval. (Dkt. 34.)

The Court set this motion for dismissal for hearing on June 21, 2016.  The Stipulation and this motion of dismissal deal only with this adversary proceeding (the Quiet Title Action), but there have been a number of other proceedings between these parties - - in this Court and in Superior Court.  The tentative ruling for the June 21 hearing accordingly set forth the various other actions, in order to clarify both their status and how the Stipulation affects them as follows (comments from June 21 hearing in italics):

Unlawful Detainer Action -  Superior Court 14R03293 - this case seems to have terminated since Ziv has left the property.  Ziv's appeal was dismissed.  Is there anything left of this case?  If so, what will happen? *Appeal pending; only damages left.*

Estimation of Claim #49 - now BAP CC-15-1382 - this concerns the lis pendens and ownership claim.  It is on appeal and briefing is continuing on the unjust enrichment issue.  Does the stipulation affect this? *Continuing only as to unjust enrichment.*

Quiet Title Suit - Superior Court BC559813, removed as 16-ap-1028 - among other motions is one to amend, which adds Vogel as a defendant.  Is this entire suit being dismissed?  If so, it will not be remanded to the superior court so what does Judge Shaller have to agree to? *Dismissing only causes of action against Vodenos or as affecting ownership of the Vulcan property.  Dismissing causes of action 1 through 7 only.*

Trespass Suit - Superior Court BC571640 - this case has been dismissed and appears to be completed.

Ziv Complaint to dismiss Vodenos' Chapter 11 or revoke confirmation - 15-ap-1244 - This was dismissed with prejudice. The time to appeal has passed and no appeal has been filed.

Ziv v. Vogel - Superior Court BC566592, Court of Appeal B265103 - This is a

defamation action.  It seems to be on appeal as to a SLAPP motion.  *Will continue.*

<u>Possible new case of Ziv v. Vogel</u> - when the Court held a recent hearing, Herrera

informed the Court that he was about to file a new superior court case against Vogel.  Has

that been filed?  What impact, if any, does the settlement have on this?  *Seeking TRO as*

*to Vogel; will continue.*

<u>Motion for Contempt - 10-bk-25103, dkt. 636</u> - Vodenos filed a motion for contempt.  Is

that resolved by this stipulation? *Not affected by Stipulation.*

<u>Service:</u>  Not in order.  Vogel was served by e-mail with a notice of lodgment of the

proposed order of dismissal (dkt. 33), although his e-mail address does not appear to

be part of the court record, so there is no verification that the e-mail address used

resulted in actual notice. Vogel was not served with the Notice of Dismissal filed by Ziv

(dkt. 32).

<u>Background:</u> The timeline of events filed by the Court in conjunction with the

Memorandum sets out the background for these motions, in particular: VODENOS

CHAPTER 11  CASE, QUIET TITLE SUIT, VODENOS REMOVALOF QUIET TITLE

SUIT, VOGEL REMOVAL OF QUIET TITLE SUIT (#1), and VOGEL REMOVAL OF

QUIET TITLE SUIT (#2).  The following is a short background of these motions:

The original complaint commencing this proceeding in state court contained

seven causes of action: breach of oral joint venture agreement, breach of fiduciary duty,

promissory fraud, specific performance, declaratory relief, quiet title, and unjust

enrichment (the "Original Claims"), all arising out of an alleged joint venture agreement

between Ziv and Vodenos to sell certain real property owned by Vodenos (the

"Property") to Ziv. Ziv asserted that in August 2009 he and Vodenos entered into an oral

joint venture agreement providing that: Vodenos would lease the Property to Ziv for a

year and use the lease payments to keep the first priority lien current, Vodenos would

file bankruptcy so as to wipe out the second and third priority liens on the Property, and

Ziv would ultimately buy the property from Vodenos for $3.2 million (enabling Vodenos

to make a profit of $200,000). Ziv asserts that he spent $400,000 improving the

Property in reliance on this agreement, but that Vodenos breached the joint venture

agreement by refusing to sell the Property to Ziv.

This original complaint was the basis of claim #49 in the Debtor's bankruptcy

proceeding (the complaint was annexed to the proof of claim). This Court granted

summary judgment to the Debtor on six of the seven claims in Claim #49 and estimated

the seventh claim (unjust enrichment) at $0. In granting summary judgment, this Court

ruled that such a joint venture agreement, if it existed, is barred by the statute of frauds

and cannot be prosecuted and that Ziv's allegations at most showed preliminary

negotiations and not the existence of a valid agreement between the parties. (Tentative

Ruling in 10-25103, dkt. 542 @ 19:17-20:4).

Prior to removal of this action to this Court and after this Court had ruled on

Claim #49, Ziv filed a first amended complaint ("FAC") that retained the seven Original

Claims, but added Vogel as a defendant. For the most part, the FAC merely added

Vogel as a named Doe defendant and changed each cause of action to be "against all

defendants" without specifically discussing Vogel's actions.  The FAC did allege that

Vogel breached a fiduciary duty arising out of a joint venture agreement, but alleged no

joint venture agreement that Vogel was part of. The FAC also alleged very generally

that Vogel participated in and induced Vodenos' torts.  Finally, the FAC alleged a

fraudulent conveyance:

> [I]t was discovered that Defendant [sic] Vodenos and Vogel engaged in a fraudulent transfer of the third lien position without consideration, the transaction of which was designed to further induce the Plaintiff to rely on the agreement to purchase the Property.

FAC at 5:27-6:2. However, the FAC never denominated a cause of action for fraud or fraudulent conveyance.

Shortly after filling the FAC, Ziv sought leave of the court to file a second amended complaint ("SAC") that adds seven additional claims against Vodenos and Vogel for: fraud and intentional deceit, intentional misrepresentation, negligent misrepresentation, constructive fraud, conspiracy to defraud, and promissory estoppel (the "New Claims").  Each essentially alleges that the Defendants promised to sell the Property to Ziv on particular terms but never intended to keep their promise and that Ziv relied on this promise to his detriment by paying rent, improving the property, and foregoing the purchase of other property.  This Leave to Amend Motion was pending when this proceeding was removed, as was the Lis Pendens Motion (seeking reconsideration of a Superior Court order expunging a lis pendens on the Property). Shortly after removal, Ziv filed his Remand Motion.

The Court had prepared a tentative ruling on the Motions to Dismiss and the Leave to Amend Motion.  The analysis and conclusion in this tentative ruling is instructive in considering whether the Court should approve the dismissal of all causes of action in this adversary proceeding on the terms set forth in the Stipulation. Thus, these tentative rulings are set forth below.

**Motions to Dismiss by Vogel and Vodenos:**

Motions:

Fed. R. Civ. P. 12(b) provides that an action can be dismissed for failure to state a claim upon which relief can be granted.  The Original Claims alleged in the FAC are identical to the claims previously adjudicated by this Court in Claim #49.  As this Court entered summary judgment in favor of the Debtor of six of the claims and estimated the remaining claim at $0, the doctrine of res judicata bars Ziv from re-litigating these claims.

> Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action. Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits.

*Rein v. Providian Fin. Corp.,* 270 F.3d 895, 898-99 (9th Cir. 2001)(citations omitted).

1. Parties identical or in privity: For Vodenos' motion, the parties are identical. For Vogel's motion, the parties are in privity.  Privity exists if there is sufficient commonality of interest.  "Here, Vogel and the Plaintiff are on title to the subject real estate."  Vogel Motion at 5:15. ( *Note: It is not clear what this means, as Vodenos is the only owner on the title report for the Property. See Property Title Report annexed to Ziv's opposition to Vogel's Motion to Dismiss (dkt. #26).* )

2. Judgment rendered in court of competent jurisdiction:  Ziv submitted to the jurisdiction of this Court by filing Claim #49.

3. Final Judgment on the merits: Summary judgment on the six claims is a final judgment on the merits and the $0 estimation of the seventh claim is a determination on the merits.  (*Note*: *In actuality, only the $0 unjust enrichment estimation is on appeal.*)

4. Same claims or causes of action:

> To decide the identity of claims, we have applied four criteria:(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

    i.   *Rights established in prior judgment would be destroyed:* This Court's determination that Ziv had no entitlement to estate property would be destroyed by prosecution of the FAC.

    ii.   *Same evidence*: Ziv would be presenting the same evidence regarding the validity of his interest in the Property.

    iii.   *Infringement of the same right*: The rights at issue in both are whether Ziv has the right to quiet title on the Property.

    iv.   *Same transactional nucleus of facts*: Claim #49 simply appended the original complaint, so the facts are identical. The FAC only added Vogel.

Thus, all of the elements of res judicata are established.

    The Vogel Motion also quotes this Court's March 1, 2016 tentative ruling in which it stated that Vogel's liability with respect to Vodenos' alleged joint venture with Ziv is meaningless because this court has already ruled (in granting summary judgment on six claims in Claim #49) that there was no joint venture.

Opposition to Vodenos' Motions to Dismiss

    This Court removed this action <u>for all purposes</u> in a general unlimited remand, thus res judicata prohibits the Court from exercising jurisdiction over this action.

The Debtor's Motion to Dismiss is premised on the finality of the Court's ruling on Claim #49, but that ruling is on appeal to the B.A.P. and may be overturned.  (*Note*: *In actuality, only the $0 unjust enrichment estimation is on appeal.*)

Ziv has made plausible claims in this action, thus meeting the "fair notice" standard of Fed. R. Civ. P. 8(a).

The Debtor is forum shopping. Contrary to the Debtor's factual recitation, Judge Shaller vacated the original demurrer not due to attorney negligence, but because the demurrer was inconsistent with the Debtor's own stay.  (*Note: Ziv does not provide any support in the record for this assertion and the Superior Court's minute order granting a second demurrer but with leave to amend indicates that the Superior Court changed it's ruling because "since this is the first demurrer the court feels compelled to grant an opportunity to amend."  See minute order attached to bk. dkt. 715.*)  Unhappy with this order of the Superior Court, the Debtor then removed this action for a second time.  The Superior Court gave Ziv leave to amend the remanded matter and it should remain in Superior Court.

Debtor's Reply

Unless this Court remands this action, the Court has jurisdiction and can rule on the Debtor's motion to dismiss.

Six of the Original Claims were resolved by summary judgment by this court. The seventh cause of action was estimated at $0 – this claims estimation is the only ruling on Claim #49 that is under appeal.

Opposition to Vogel's Motion to Dismiss

This Court does not have jurisdiction, as set forth in Ziv's concurrently heard motion to remand.

Vogel's entire argument is that the Court's ruling on Claim #49 should apply to Vogel, but Vogel was not a party to the bankruptcy proceeding or the claims adjudication and he does not have privity with the Debtor.  Vogel argues that the Debtor and Vogel are "on title together on the property" – but that is untrue and irrelevant. (*Note: A title report for the Property, showing it is owned by Vodenos, is annexed to the opposition*.) Ziv does not seek *in rem* relief against estate property, but simply tort relief under state law for Vogel's independent torts.  Judge Shaller specifically allowed an amendment to include Vogel. (*Note: Ziv does not provide any support in the record for this assertion, and the Court has not found any reference to Vogel in the Superior Court's grant of leave to amend. See minute order attached to bk. dkt. 715.*)

Vogel does not have the standing to remove this action, because he is not a party to the bankruptcy, a creditor, a claimant, or an interested party.

Ziv has made plausible claims in this action, thus meeting the "fair notice" standard of Fed. R. Civ. P. 8(a).

Vogel is forum shopping and removed this action only after Judge Shaller vacated the demurrer and gave Ziv leave to amend.

Vogel's Reply

The seven Original Claims all concern the Property, and the title report attached to Ziv's opposition shows that Vogel is not on the title to the Property. Thus, these claims against Vogel must be dismissed.

Vogel has not filed any demurrers or motions in Superior Court, so the forum shopping argument is unintelligible.

The "flip-flop" in the opposition, contrary to the pleadings, means Ziv's lawyer is either bad or dishonest.  (*Note:  It is not clear what "flip-flop" Vogel refers to and the*

*Court will ignore accusations irrelevant to determining the proper outcome of these*

*motions.)*

**Leave to Amend Motion**

Motion

Ziv asserts that information was not available at the time of the filing of the complaint that gave rise to additional causes of action. Although discovery has been stayed (which Ziv argues is due to Vodenos' gamesmanship), Ziv independently discovered new information after October 3, 2015.  Accordingly, Ziv seeks leave to amend the operative complaint to add additional facts and causes of action: specifically, to add Vogel to the pleading caption, to add the New Claims, and to correct an error in the seventh cause of action (page 11, line 22, ¶56 in Exhibit A (black-lined version of the SAC)).

Motion for leave to amend should be liberally granted, especially in the early stages of a case when little prejudice to the defendants would result. No answer has been filed and no discovery has been taken in this proceeding, thus allowing the SAC will not meaningfully prejudice the defendants. The New Claims are brought as a result of Ziv's discovery of Vogel's participation in wrongful conduct, which further exposes the wrongful conduct of other defendants.  This motion was filed immediately following the filing of the FAC, with the intent of avoiding further prejudice to the Defendants.

Amendments should be allowed unless they state wholly unrelated causes of action, but these new facts and allegations in the SAC are the same or similar to the operative complaint.

Ziv also argues that this motion could have been avoided, but counsel for the Defendants refused to stipulate to the relief sought in this motion.

Opposition

Leave to amend should be denied because each and every causes of action in the SAC requires the existence of a joint venture that this Court has already determined does not exist. Ziv cannot assert any of the claims in the SAC as a matter of res judicata.

The court previously adjudicated the merits of six of the seven Original Claims in the FAC when it granted summary judgment on Claim #49. It also ruled on the seventh – unjust enrichment – by estimating it at $0. Now Ziv asks to file the SAC, which has the same seven Original Claims, as well as the seven New Claims. The new claims in the SAC seek to expand the original claims by asserting an element of fraud/deceit/misrepresentation, but this cannot cure the fundamental defect of a lack of an agreement.

**Legal Analysis**

Legal Standards - Motions to Dismiss

"A motion to dismiss [pursuant to Rule 12(b)(6) will only be granted if the complaint fails to allege enough facts to state a claim to relief that is plausible on its face." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted)(citing, *inter alia, Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the Debtor fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citations omitted). "[F]acts must be

alleged to sufficiently apprise the Debtor of the complaint against him." *Kubick v. Fed.*

*Dep. Ins. Corp. (In re Kubick*), 171 B.R. 658, 660 (B.A.P. 9th Cir. 1994).

Legal Standards - Leave to Amend Motion

Fed. R. Civ. P. 15(a)(1) gives a party a right to amend a pleading as a matter of

course within (A) 21 days after serving the pleading or (B) within 21 days after service of

the earlier of a responsive pleading or a motion under Rule 12(b),(e) or (f).  (Although

not applicable to an action removed to bankruptcy court (*see* Fed. R. Bankr. P. 9027(g)),

Cal. Civ. Proc. Code §472 provides a very similar rule.) Ziv has exercised his one-time

right to amend his complaint by filing the FAC.  Rule 15(a)(2) provides that any other

amendment requires the court's leave or the opposing parties' consent.

Leave to amend a complaint should be liberally granted, especially when, as here,

the proceeding is in its early stages and little prejudice to the defendants should result.

However, the Court will not grant such leave if such an amendment would be futile.

Finality of Rulings on Claim #49

Claim #49 has seven parts to it.  Six concern the alleged oral agreement to form a

joint venture and/or sell the real property to Ziv.  The seventh is for unjust enrichment in

which Ziv claims that he had spent substantial money improving the property prior to his

eviction.  On May 12, 2015 the Court granted summary judgment on the first six issues

and the order on that was entered on July 2, 2015 (10-bk-25103, dkt. 575)  A motion to

reconsider was denied (dkt. 592) and the only remaining portion of the claim – for unjust

enrichment – was later estimated at $0.

Although the order of July 2, 2015 was clearly severable and may have been

ready for appeal, the Court did not specifically certify it as such.  Thus it was not truly

final until the entire claim was disposed of.  This occurred with the order entered on

November 2, 2015 (dkt. 635).  Four days later Ziv filed his appeal, but limited it to the

estimation of the unjust enrichment portion of the claim (dkt. 645).

On April 8, 2016, Ziv filed his opening brief in his appeal to the Bankruptcy

Appellate Panel (BAP CC15-1382, dkt. 24) in which he never mentions the summary

judgment or the quiet title issues.  In fact, he only refers to the November 2, 2015 order:

> It was during the leasehold term that Vodenos entered into an agreement
> with Ziv to sell him the Property.  Pursuant to this agreement, Ziv invested
> substantial sums for improvements into the Property.  It is these sums and the
> resulting claim for unjust enrichment, included within Ziv's Claim No. 49 (Ex. B,
> P. 25-36) (the "Claim"), which is the subject of this appeal, subsequent to the trial
> court's (Hon. Geraldine Mund) entry of an Order of November 2, 2015 assigning
> this claim a zero value, although there was considerable, substantial evidence of a
> great deal of expenditures by Ziv (AR, Ex. L1-L10). Id., p. 2.
> After disallowing the bulk of Ziv's claims, the trial court then denied
> Vodenos' Motion to disallow the Unjust Enrichment portion of the Claim, and
> Vodenos quickly moved to estimate that at zero.  In this appeal, Ziv contends that
> the trial court improperly valued the unjust enrichment Claim at $0, and
> disregarded substantial evidence of the loss which consisted of hundreds of
> financial documents. (AR, Ex. L1-L10) Id., p. 3.

Under Fed. R. Civ. P. 54, (made applicable to bankruptcy cases by Fed. R. Bank.

P 7054), the July 2, 2015 order was never certified as a final order and therefore the

judgment disallowing the first six causes of action did not become final until the claims

estimation order was entered.  At that time all portions of the objection to claim 49 were

resolved and ready for appeal.  However, Ziv limited his appeal to the unjust enrichment

claim estimation.

Fed. R. App. P. 3(c)(1)(B) requires that a notice of appeal must specify the

"judgment, order, or part thereof being appealed."  When there is a mistake in

designation, the appellate court will allow the appeal to go forward if the intent of the

appellant to include other matters can be fairly inferred and the appellee is not prejudiced

by the mistake.  The Ninth Circuit Court of Appeals has ruled that "[i]n determining

whether 'intent' and 'prejudice' are present, we apply a two-part test: first, whether the

affected party had notice of the issue on appeal; and second, whether the affected party had an opportunity to fully brief the issue." *Ahlmeyer v. Nev. Sys. Of Higher Educ.*, 555 F.3d 1051, 1054 (9th Cir. 2009), quoting *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir. 1986).

In *Ahlmeyer*, the circuit found that the notice of appeal met both requirements in that it stated precisely the issue presented on the appeal and the appellee had the opportunity to brief the issue and actually did so. Although it is possible that Ziv may try to file a new brief raising the quiet title issues, it is highly unlikely (virtually impossible) that the BAP (and perhaps later the Ninth Circuit) would find that he met either of these requirements. The quiet title issues are not mentioned in the notice of appeal or in the opening brief.

Thus, for purposes of the motions before this Court, the summary judgment as to the first six causes of action in the quiet title suit, as included in claim #49, became final not later than November 17, 2015.

Original Claims: First through Seventh Causes of Action

This final ruling is entitled to claims preclusion (res judicata) or issue preclusion (collateral estoppel) status in a state court matter if it meets the requirements of state law. *Roos v. Red*, 130 Cal. App. 4th 870 (Ct. Ct. App. 2d Dist. 2005); *Martin v. Martin*, 2 Cal. 3d 752, 758 (Cal. 1970). Under California law, claims preclusion requires:

> the claim in the present action must be identical to a claim litigated or that could have been litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

*Bucur v. Ahmad*, 244 Cal. App. 4th 175, 185 (Cal. Ct. App. 2016), reh'g denied (Feb. 17, 2016), review denied (Apr. 13, 2016). In this case, the First through Sixth causes of action are literally identical to the claims on which this Court granted summary judgment.

That judgment is a final judgment on the merits.  Ziv was a party to that claims adjudication.  Thus, as a matter of res judicata, the First through Sixth causes of action against Vodenos do not state a claim upon which relief can be granted and should be dismissed.

The estimation of the Seventh (and final) cause of action in the FAC – unjust enrichment – may not be entitled to res judicata effect in this proceeding.  Beyond the fact that it is on appeal, even if it wasn't there is no consensus and certainly no binding authority that a claim estimation has preclusive effect in other contexts and forums:

> The bankruptcy court's ability to estimate claims derives from either Bankruptcy Code § 502(c) or Fed. R. Bankr. P. 3018. Bankruptcy Code § 502(c) mandates the estimation of a contingent or unliquidated claim "for purposes of *allowance* ... [if] the fixing or liquidation ... would unduly delay the administration of the estate." (Emphasis added). . . .
> Whether a claim estimation determination under § 502(c) has preclusive effect is a matter of disagreement among the courts. As the court in *In re A.P.I., Inc.,* 331 B.R. 828, 846 (Bankr. D. Minn.2005), noted:
>> Some courts hold that the estimation of a claim under § 502(c)(1) has binding effect *per se* only for the administration of claims and assets in a bankruptcy case, and does not give rise to a fixed and liquidated claim cognizable in any other forum. *E.g., In re Eagle Bus Mfg., Inc.,* 158 B.R. 421, 437–438 (S.D. Tex. 1993); *In re Teigen,* 228 B.R. 720, 722 (Bankr . D.S.D. 1998); *Matter of Interco Inc.,* 137 B.R. 993, 999 (Bankr. E. D. Mo.1992). Others have envisioned an estimation under § 502(c)(1) as having preclusive effect, but have recognized the bankruptcy court's power to limit or deny that effect in deference to another forum, at the instance of party or parties, or not. *In re Indian Motorcycle Co., Inc.,* 261 B.R. 800, 808 (1st Cir. BAP 2001); *In re Handy & Harman Refining Group, Inc.,* 262 B.R. 211, 215–216 (Bankr. D. Conn.2001).
> The Bankruptcy Appellate Panel for the First Circuit has opined:
>> Ordinarily, an estimated claim may have the same preclusive effect as any other order from a court of competent jurisdiction, raising the possibility that the bankruptcy court's order would invoke res judicata or collateral estoppel on the issue of the amount of the taxes. *See* 4 Collier on Bankruptcy ¶ 502.04[3]. However, we also note that under some circumstances an estimated claim may be limited by the court in deference to another court's jurisdiction over a matter. *See In re Bicoastal Corp.,* 122 B.R. 771, 774–75 (Bankr. M.D. Fla.1990). *See also* 4 Collier on Bankruptcy at ¶ 502.04[3].
> *United States of America v. Sterling Consulting Corp. (In re Indian Motorcycle Co.),* 261 B.R. 800, 808 (B.A.P. 1st Cir. 2001) (holding use of § 502(c) estimation

procedure governing prepetition claims for estimation of post-petition taxes was in error).

*In re Loucheschi LLC*, 2013 WL 6009947, at *11 (Bankr. D. Mass. Nov. 13, 2013). Thus, this Court cannot conclude at this time that the unjust enrichment cause of action against Vodenos is barred by res judicata and does not state a claim upon which relief can be granted.

It is not clear whether res judicata similarly bars any of the claims against Vogel, because the allegations against Vogel in the FAC are unclear.  That lack of clarity means that the FAC fails to give Vogel fair notice of what the . . . claim is and the grounds upon which it rests."   Merely adding Vogel to each count without reference to his actions does not provide any factual basis for the claim. The breach of fiduciary duty allegation is meaningless without an allegation of a joint venture agreement binding on Vogel. Liability for participating in or inducing the Debtor's actions is also meaningless after this Court has ruled that the Debtor's actions did not give rise to liability: she did not enter into a joint venture agreement with Ziv and thus did not breach any joint venture agreement or fiduciary duty to Ziv, and she did not commit promissory fraud. The FAC refers to fraud or to the fraudulent transfer of a third lien (and Ziv's opposition to Vogel's Motion to dismiss refers to Vogel putting a "phony lien" on the Property), but the FAC denominates no such cause of action. (Nor does it allege Ziv's standing to bring a fraudulent transfer cause of action.) Ziv's opposition only compounds this confusion by asserting that Ziv does not seek any property-based relief against Vogel, only tort relief. This statement cannot be reconciled with the quiet title, specific performance, and declaratory causes of action regarding the Property. Accordingly, dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is also appropriate

for all seven claims against Vogel.  However, this failure could potentially be cured by amendment.

New Claims:  Eighth through Fourteenth Causes of Action

As noted in the preceding section, the Court's summary judgment on Claim #49 is also entitled to issue preclusion (collateral estoppel) status in a state court matter if it meets the requirements of state law. Under California law, issue preclusion can be applied when: (1) the issue decided in the prior proceeding is identical to the issue sought to be relitigated in the subsequent proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) a final judgment on the merits was issued in the prior proceeding; and (5) the party against whom issue preclusion is sought was a party to the prior proceeding. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341, *cert. denied*, 500 U.S. 920 (1991).)

The New Claims, at least against the Debtor, are dependent on issues actually litigated in adjudicating Claim #49 and necessarily decided in this Court's grant of summary judgment against Ziv.  Thus, they are barred as a matter of collateral estoppel. Claims 8, 9, 10, 12, and 13 (fraud and intentional deceit, intentional misrepresentation, negligent misrepresentation, conspiracy to defraud, and promissory estoppel) are all essentially the *same claim* as the promissory fraud that the Court has already ruled on in granting summary judgment for Vodenos. Each essentially alleges that Vodenos promised to sell the Property to Ziv on the terms in the alleged joint venture agreement, but never intended to keep her promise, and Ziv relied on this promise to his detriment by paying rent, improving the property, and foregoing the purchase of other property.

Further, in granting summary judgment, this Court has found as follows:
However, while Ziv contends Debtor agreed to the sale of the Property once the

second and third liens were extinguished in the bankruptcy, these "terms" are merely preliminary terms or an agreement for a future negotiation of the sale of the Property. *Ehlert v. America's Servicing Co,* 2011 U.S. Dist LEXIS 118072, *10-*11 (S.D. Cal. 2011). Ziv has not set forth definite terms of the joint venture agreement that clarify each party's obligations under the contract. Rather, Ziv's allegations lead this Court to find that any alleged discussions concerning the Vulcan Property's sale between the parties were merely, at most, preliminary [oral] negotiations that are not the functional equivalent of a valid, subsisting agreement. *Id.*

(Bk. dkt. 542 19:12-21.) Claim 11 (constructive fraud) - and Claim 14 (breach of implied covenant of good faith and fair dealing) are based on the joint venture agreement that the Court has ruled that Vodenos did not enter into with Ziv. Thus, it appears that every New Claim that Ziv seeks to bring against Vodenos in the SAC is futile. The Court will not grant Ziv leave to amend to add the New Claims against Vodenos.

The New Claims appear to be similarly futile as against Vogel, as they also appear to be premised on the same joint venture agreement and same promises that the Court has previously ruled do not exist. However, as described above, the FAC and thus the SAC are not entirely clear on the allegations against Vogel. This is particularly true with respect to the New Claims premised on promises to sell the Property, as Vogel does not own the Property. In an abundance of caution and with deference to the principle that leave to amend should be freely granted, the Court will allow Ziv to amend the FAC against Vogel.

**Ruling:**

The First through Sixth causes of action against Vodenos will be dismissed with prejudice and the Motion to Amend will be denied as to Vodenos. This leaves only the seventh cause of action - for unjust enrichment - remaining against Vodenos in this proceeding.

All causes of action against Vogel will be dismissed without prejudice. Ziv may file a motion to file a second amended complaint stating claims against Vogel, but no new claims against Vodenos. This motion is to be filed no later than June 10, 2016. This proposed second amended complaint should not bring any claims against Vogel that are barred by claim or issue preclusion, *i.e.*, the claims cannot be based on an alleged joint venture agreement between Vodenos and Ziv or allegations that Vodenos conducted anything more than preliminary negotiations with Ziv over the Property. (As noted in Ziv's motion for remand, once this amended complaint is filed, the Court can consider whether remand is appropriate.)

If no motion is timely filed, the first amended complaint will remain in force with the only cause of action being solely against Vodenos and only for unjust enrichment. Although the motion to remand appears to be solely as to the proposed second amended complaint, to the extent that it might apply to this limited first amended complaint, it will be denied.

The Court's tentative rulings on the Motions to Dismiss and Leave to Amend Motion would have led to very similar outcomes as the Stipulation.

In the case of Vodenos, the outcomes are nearly identical. In the Court's tentative rulings, all causes of action against Vodenos would have been dismissed with prejudice except for the unjust enrichment cause of action. The Stipulation dismisses all causes of action including the unjust enrichment, but this leads to similar result because the Stipulation leaves the Debtor's chapter 11 case unaffected. Thus, Ziv's unjust enrichment *claim* against the Debtor's bankruptcy estate and his BAP appeal regarding that claim remain.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Under the Court's tentative rulings, the claims against Vogel would have been dismissed without prejudice and Ziv would have been allowed to file an amended complaint against Vogel (not to include certain claims regarding the Property that were barred as a matter of collateral estoppel). The Court would then have considered whether remand was appropriate, which would have depended on the new claims brought by Ziv. The Stipulation dismisses all claims in against Vogel in this bankruptcy, but allows Ziv to bring non-Property-related claims in Superior Court.

The Stipulation leads to the same result as the tentative rulings with respect to Vogel, because if Ziv had refiled non-Property-related claims against Vogel (but not Vodenos) pursuant to the tentative rulings, this Court would have remanded this proceeding to Superior Court. 28 U.S.C. §1452(b) provides that a court to which a claim is removed pursuant to §1334 "may remand such claim ... on any equitable ground."

> The "any equitable ground" standard is not statutorily defined. Accordingly, case law has imported the "factors" governing discretionary abstention to assist with the remand decision. *See In re Enron Corp.,* 296 B.R. 505, 508–9 (C.D.Cal.2003)(importing the discretionary abstention factors into the remand analysis and affirming the bankruptcy court's remand to state court of two of the over 100 securities actions filed nationwide instead of transferring venue to the New York bankruptcy court). The imported factors are:
>> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than §1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.
>
> *Enron*, 296 B.R. at 508, n. 2; *see also In re Tucson Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir.1990)(citing to a Texas bankruptcy case which articulates a similar

list). While these factors assist a court's remand decision, they do not control it. The standard remains "any equitable ground."

*In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761-62 (Bankr. S.D. Cal. 2007).

The non-Property-related causes of action against Vogel are not claims against the Debtor's estate and do not involve the estate's Property. They would have no effect on the administration of the estate. They involve state law issues.  Ziv did not consent to the jurisdiction of this court for his causes of action against Vogel by filing proofs of claim against Vodenos. These claims are probably not even "related to" Vodenos' bankruptcy case.  Thus, this Court probably lacks jurisdiction to hear these claims and certainly would not have the authority to finally determine these claims (and thus would need to issue proposed findings of fact and conclusions of law to the District Court). *Stern v. Marshall*, 131 S. Ct. 2594 (2011); *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014).  The proceeding would be between two non-debtor parties, who probably both have a right to a jury trial.  Accordingly, there would be compelling grounds for equitable remand of non-Property related by Ziv against Vogel.

As the Stipulation's effect essentially mirrors the rulings that the Court had been prepared to make before Ziv and Vodenos settled, the Court concludes that the dismissal of causes of action 1 through 7 pursuant to the terms of the Stipulation is reasonable and should be approved. The Court will also order the remand of this proceeding to Superior Court, in order to effectuate the terms of the Stipulation.

However, Vogel has neither signed the Stipulation nor even been given notice of this motion for dismissal pursuant to the Stipulation. Thus, Vogel will be given 14-days'-notice of and an opportunity to object to the order dismissing all causes of action in this

adversary proceeding and remanding this proceeding to Superior Court.  If he does not

file an objection in that time, the order will become effective.

###

Date: July 12, 2016

_____
Geraldine Mund
United States Bankruptcy Judge